UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DE'ERICK ERONN GIVENS,

Petitioner,

v.

JEFF MCCOMBER,

Respondent.

No. 2:14-cv-2406 GEB KJN P

FINDINGS & RECOMMENDATIONS

I. Introduction

Petitioner is a state prisoner, proceeding without counsel, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a prison disciplinary where he was found guilty of conspiracy to introduce a controlled substance for distribution. Petitioner claims that there was insufficient evidence to support the guilty finding. After careful review of the record, this court concludes that the petition should be denied.

II. Procedural History

Petitioner was convicted in 2007 for second degree robbery and assault with a firearm, and sentenced to 19 years in state prison. (ECF No. 1 at 1.) In 2013, petitioner received a consecutive four-year sentence for possession of a controlled substance in 2012 while in prison. (ECF No. 10-1 at 2.)

////

On February 21, 2013, petitioner was issued a rules violation report ("RVR") for his alleged participation in a conspiracy to introduce controlled substances, specifically, marijuana, into California State Prison, Sacramento ("CSP-SAC"), for distribution.

At a prison disciplinary hearing held on April 19, 2013, petitioner was found guilty of conspiracy to introduce a controlled substance for distribution, and assessed a 151 day loss of custody credits. The hearing officer considered the RVR, supplemental reports, petitioner's statements at the hearing, a drug screen test, and photographs of the evidence. The hearing officer also considered the statements of petitioner's cellmate.

Petitioner challenged the disciplinary decision by filing administrative appeals, log no. SAC-13-01408, which were denied through the Director's Level of Review. (ECF No. 10-1 at 22-23.

Petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court, Case No. 14HC00140, in which he alleged the guilty finding was based on insufficient evidence. (ECF No. 10-1 at 8.) On April 11, 2014, the superior court denied the petition in a reasoned decision. (ECF No. 10-1 at 4-6.)

Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District, which was summarily denied on May 8, 2014. (ECF No. 10-2 at 2)

Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which was denied without comment on August 13, 2014. (ECF No. 10-2 at 40.)

Petitioner filed the instant petition on October 14, 2014. (ECF No. 1.)

III. Standards for a Writ of Habeas Corpus

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 4 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. Thompson v. Runnels, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing Greene v. Fisher, 132 S. Ct. 38 (2011); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." Marshall v. Rodgers, 133 S. Ct. 1446, 1450 (2013) (citing Parker v. Matthews, 132 S. Ct. 2148, 2155 (2012) (per curiam)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct. Id. Further, where courts of appeals have diverged in their treatment of an issue, it cannot be said that there is "clearly established Federal law" governing that issue. Carey v. Musladin, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's

decisions, but unreasonably applies that principle to the facts of the prisoner's case.[1] Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams, 529 U.S. at 413; Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 412. See also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter,131 S. Ct. at 786-87.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of

[1] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." Stanley, 633 F.3d at 859 (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 131 S. Ct. at 784-85. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 785 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, 133 S. Ct. 1088, 1091 (2013).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." Richter, 131 S. Ct. at 784.

A summary denial is presumed to be a denial on the merits of the petitioner's claims. Stancle v. Clay, 692 F.3d 948, 957 & n.3 (9th Cir. 2012). While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court must review the state court record to determine whether there was any "reasonable basis for the state court to deny relief." Richter, 131 S. Ct. at 784. This court "must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Id. at 786. The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 131 S. Ct. at 784).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

V. Insufficient Evidence

A. State Court Decision

The last reasoned rejection of petitioner's first claim is the decision of the Sacramento County Superior court. The state court addressed this claim as follows:

> Title 15, California Code of Regulations, section 3016(c) prohibits inmates from distributing any controlled substance. Distribution is defined as "the sale or unlawful dispersing, by an inmate or parolee, of any controlled substance; or the solicitation of or conspiring with others in arranging for, the introduction of controlled substances into any institution, camp, contract health facility, or community correctional facility for the purpose of sales or distribution." (Cal. Code Regs., tit. 15, § 3000.)
>
> The standard for judicial review of a finding by a prison hearing officer is whether there is "some evidence" to support the hearing officer's conclusion. (*Superintendent v. Hill* (1985) 472 U.S. 445, 456-457; *In re Powell* (1988) 45 Cal.3d 894, 903-904.) The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board. (*Superintendent v. Hill*, *supra*, at p. 457.) This standard is met if there was some evidence from which the conclusion of the hearing officer could be deduced. (*Superintendent v. Hill*, *supra*, at p. 455.) Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. (*Superintendent v. Hill*, *supra*, at p. 455-456.) Even just one piece of evidence may be sufficient to meet the "some evidence" requirement, if that evidence was "sufficient indicia of reliability." (*Bruce v. Ylst* (2003) 351 F.3d 1283, 1288; *Cato v. Rushen* (1987) 824 F.2d 703, 705 ["relevant question is whether there is any evidence in the record that *could* support the conclusion reached by the disciplinary board" (citing (*Superintendent v. Hill*, (1985) 472 U.S. 445, 456-457].)
>
> This standard was further clarified in *In re Zepeda* (2006) 141 Cal.App.4th 1493. In *Zepeda*, the court reiterated that the standards that apply with respect to disciplinary proceedings are significantly more lenient than those applied with respect to criminal convictions. (*Id.* at p. 1499.) "Implicit in the 'some evidence'

> standard of review is the recognition that due process requirements imposed by the federal Constitution do not authorize courts to reverse prison disciplinary actions simply because, in the reviewing court's view, there is a realistic possibility the prisoner being disciplined is not guilty of the charged infraction." (*Id.* at p. 1498.) "Thus, to withstand court scrutiny for federal due process purposes there is simply no requirement that the evidence 'logically precludes any conclusion but the one reached by the disciplinary [official[].' . . . Rather, all that is required is 'some evidence from which the conclusion of the [official] could be deduced.'" (*In re Zepeda*, *supra*, at p. 1499, citing to *Superintendent v. Hill*, *supra*, at p. 456.)
>
> The existence of a non-incriminating explanation for an item of contraband, however, is irrelevant to this court's "some evidence" review. Neither is it appropriate for this court to weigh conflicting evidence. (*Superintendent v. Hill*, *supra*, at p. 455-456; cf. *People v. Bradford* (1997) 15 Cal.4th 1229, 1329 ["If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also reasonably be reconciled with a contrary finding does not warrant a reversal of the judgment"].) (*In re Furnace* (2010) 185 Cal. App. 4th 649, 663.)
>
> Contrary to petitioner's arguments, the facts presented at the hearing establish "some evidence to support the SHO's [senior hearing officer's] finding that petitioner conspired with the sender, Ms. Pierson, to introduce marijuana into the prison for purposes of sale. The envelope was addressed to him and had been sent to him at his request based on information he provided Ms. Pierson through his cellmate. It contained the items he requested -- paper and envelopes -- along with a note that appears to have been intended for him. More importantly, the marijuana was secreted in several different envelopes inside the main envelope -- an indication that petitioner was aware of its existence -- and petitioner stated at his hearing that he would plead guilty to possession.
>
> Petitioner's reliance on the 2000 memorandum is misplaced. While the memo does appear to state that the simple fact of being an addressee, by itself, is insufficient to support a finding of guilt, the SHO's decision was based on much more than that. In fact, one of the additional factors mentioned in the memo -- the manner in which the contraband was secreted -- is present in this case. For these same reasons, petitioner's reliance on his cellmate's attempt to accept full responsibility is also misplaced.

(ECF No. 10-1 at 5-6.)

B. <u>Legal Standards</u>

The Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Although prisoners retain due process rights, those rights are limited "by the nature of the regime to which they have

been lawfully committed." Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citations omitted). As "[p]rison disciplinary proceedings are not part of a criminal prosecution," prisoners do not enjoy "the full panoply of rights due a [criminal] defendant." Id.

The Supreme Court has held that where good time credits are revoked, due process requires that the decision of the factfinder be supported by some evidence in the record. See Superintendent v. Hill, 472 U.S. 445, 454 (1985). In Hill, the Supreme Court ruled:

> [T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if 'there was some evidence from which the conclusion of the administrative tribunal could be deduced . . . .' [citation omitted]. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

Id. at 455-56.

C. Discussion

Petitioner claims that his due process rights were violated because there was insufficient evidence to support the guilty finding.[2] Petitioner argues that he does not know Pierson, did not know what was in the envelope, and that his name on the mailing, standing alone, is insufficient evidence of a conspiracy to distribute marijuana. Petitioner also contends that his cellmate accepted full responsibility for the mailing, which is supported by law enforcement's decision not to file criminal charges against petitioner, but pursued criminal charges against Pierson and petitioner's cellmate. Respondent counters that the state court decisions denying petitioner's claims were neither contrary to, nor an unreasonable application of clearly established law, or based on an unreasonable determination of the facts. Because petitioner received all process due in the adjudication of the rules violation, respondent argues the petition should be denied.

---

2 To the extent petitioner also claims that his disciplinary conviction does not comport with the January 14, 2000 CDCR Memorandum, such claim is not cognizable in federal habeas corpus proceedings. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); see also Waddington v. Sarausad, 555 U.S. 179, 192 n.5 (2009) ("[W]e have repeatedly held that 'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Petitioner was charged with conspiring to distribute marijuana within the prison. The SHO defined conspiracy as two or more persons planning to commit a criminal act, and taking some overt act to carry out the criminal act, as defined in § 3016(c). The following evidence was presented at the hearing:

- The RVR documenting the incident, which reflects that a large manila envelope, addressed to petitioner, with a return address for Renee S. Pierson, in San Francisco, California, arrived at the CSP-SAC mailroom emitting the smell of marijuana. Upon inspection, the large envelope contained a one page letter written in blue ink to "Dear Dee," signed by "Renee," and dated February 16, 2013; one pack of 100 sheets of paper; and 11 inch by 6 inch medium-sized envelopes designed for transporting documents. The suspected marijuana was discovered hidden beneath a small lifted bulge at the bottom of four of the 11 medium-sized manila envelopes, held together with clear masking tape. The suspected marijuana was weighed individually, registering a total weight of 4.4 grams. A sample of the substance tested positive for marijuana.
- Supplemental report by Correctional Sgt. M. Rusted, who opened the large envelope.
- Petitioner's cellmate's statement in the Investigative Employee Report stating he takes full responsibility for the contraband.
- NIK drug Screen test report confirming positive test for marijuana.
- Photographs depicting the envelope addressed to petitioner and the contraband.
- Petitioner's statements at the disciplinary hearing that he gave his cellmate petitioner's information "to have some stamps and envelopes sent in," and "I will plead guilty to possession not distribution."

(ECF No. 10-1 at 35-36.)

Review of the record reflects that the state court correctly identified Hill as the governing Supreme Court standard, and reasonably applied Hill to the facts of this case. The record supports the state court's decision that "some evidence" exists to support the decision rendered on

the disciplinary charge in the form of the RVR, the supplemental report, the drug test, the photographs, the manner in which the drugs were hidden in the envelopes, and petitioner's statements during the hearing.

Petitioner's denial of responsibility, and his cellmate's acceptance of responsibility for the contraband does not require that the prison disciplinary be overturned. Even if this evidence could have led the SHO to reach a different conclusion, this court is not compelled to set aside the disciplinary decision. The fact that an inmate offers a defense does not mean that the SHO must accept it as true. Further, the cellmate's admitted responsibility for the contraband does not logically eliminate liability for petitioner, as he could have been involved as well. "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." Hill, 472 U.S. at 457.

Petitioner's facts are similar to those in the case on which the superior court relied in denying the petition. In re Zepeda, 141 Cal. App. 4th at 1493. Zepeda explained that, under Hill's some evidence standard, a disciplinary decision would be upheld even if the reviewing court thought that there was "a realistic possibility" that the inmate was not guilty so long as there was some evidence that he was guilty. Id. at 1498.

> Zepeda's reliance on the evidence that supports his assertion not to have known about the razor blades, such as his cellmate's acknowledgement of ownership and Zepeda's own claim of innocence, does not change the analysis under Hill. Hill emphasizes that the reviewing court is not to engage in an "examination of the entire record" or "weighing of the [conflicting] evidence." (Hill, *supra*, 472 U.S. at. 455, 105 S. Ct. 2768.) Rather the narrow role assigned to the reviewing court is solely to determine whether there is "*any evidence* in the record that *could support* the conclusion reached by the disciplinary board." (Id. at pp. 455-456, 105 S. Ct. 2768, italics added.) Here, there is such evidence, even if, as Zepeda contends, there is other evidence that supports his assertion of innocence.

Zepeda, 141 Cal.App. 4th at 1500. Similarly, although the evidence may have led to another result for petitioner, the evidence to support the disciplinary decision was constitutionally sufficient and reliable. Petitioner's right to due process was not violated by prison officials' decision to find him guilty.

////

Under these circumstances, the state court's decision was not contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable application of the facts. The petition should be denied.

VI. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 20, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/give2406.157